36361-9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| JESSICA LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO: 23-cv-1174 |
| v. ) | |
| ) | [Removed from the Circuit Court for |
| WAL-MART STORES, INC., a ) | the Tenth Judicial Circuit, Tazewell |
| Corporation, and JEFFREY ) | County, Illinois, Law No. 23-LA-23] |
| WALLACE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, WALMART INC. (formerly known as "WAL-MART STORES, INC.") and JEFFREY WALLACE, pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, hereby remove this action to the United States District Court for the Central District of Illinois, Peoria Division. In support of this Notice, Defendants state as follows:

1. On March 9, 2023, Plaintiff filed her Complaint against Defendants Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") and Jeffrey Wallace in the Circuit Court of Tazewell County, Illinois, seeking damages for personal injuries arising out of a slip-and-fall incident occurring at a Walmart store in East Peoria, Illinois on April 3, 2021. *See* **Exhibit A**.

2. On March 29, 2023, Defendant Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") was served with the Complaint in this action. *See* **Exhibit B**.

3. On April 5, 2023, Defendant Jeffrey Wallace was served with the Complaint in this action. *See* **Exhibit C**.

36361-9

## Subject Matter Jurisdiction

4.      This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00. *See*, 28 U.S.C. §1332(a). In Illinois, state law prohibits a demand for a specific sum. *See*, 28 U.S.C. §1446(c)(2)(A)(ii).

5.      Complete diversity of citizenship exists between the parties.

   (a)      Upon information and belief, Plaintiff, JESSICA LOPEZ, is a citizen of Illinois.

   (b)      Defendant, Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *See* **Exhibit D**. Walmart Inc. is therefore a citizen of Delaware and Arkansas.

   (c)      Defendant Wallace is a citizen of the State of Illinois, but his joinder here does not destroy diversity, because he has been fraudulently joined to this action. Plaintiff alleges that Wallace was employed as a general manager by Walmart at the time relevant to Plaintiff's Complaint, (Ex. A, Count II), but is not alleged to have committed any conduct giving rise to a claim that Wallace was an "active tortfeasor," as required to state a claim against him under Illinois law. *See e.g, Brady v. Menard, Inc.*, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) ("Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees."); *Roh v. Starbucks Corp.*, 2015 WL 232374, *1 (N.D. Ill. Jan. 14, 2015) (general manager did not have a duty simply

36361-9

because she was allegedly "responsible for overseeing the safety, maintenance, and operations of the area"); *Hoidas v. Wal-Mart Stores, Inc.*, 2010 WL 1790864, *1-2 (N.D. Ill. April 30, 2010) ("formulaic recitation" that Walmart store manager owed a duty "to exercise a reasonable degree of care in caution in the inspection of their premises" was not sufficient to meet pleading standard set forth in *Twombly*). In fact, Wallace was not employed by Walmart Inc. on the date of the incident set forth in Plaintiff's Complaint. *See* Affidavit of Jeffrey Wallace, attached as **Exhibit E**. Wallace's citizenship should therefore be disregarded by the Court for purposes of invoking diversity jurisdiction.

(d)     Because the Plaintiff is a citizen of a different state than the material Defendant, Walmart Inc. (formerly known as "Wal-Mart Stores, Inc."), the parties meet the geographical requirements for diversity jurisdiction in this Court. *See*, 28 U.S.C. §1332(a).

6.     Based on the nature of the alleged injury Plaintiff will seek an amount in excess of $75,000.00; thus this Court possesses subject matter jurisdiction over this action. *See*, 28 U.S.C. §1332(a). The Complaint alleges that the Plaintiff has sustained:

> severe and permanent injuries, and as a result of such injuries, she suffered pain and anguish both in mind and in body, and will in the future continue to so suffer, and as by reason of said injuries, hindered and prevented from attending to her usual duties, and has thereby lost and will in the future lose sums of money which would have otherwise accrue [sic] to her and has lost the capacity to earn sums of money in the future which she would have been able to earn had it not been for the injuries and damages described herein, and was compelled to and will be compelled to expend and become liable for sums of money for hospital and medical services all to her damages in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

36361-9

*See* **Exhibit A** at ¶ 10. Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, as "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). In fact, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

7. A good faith assessment of the Complaint here reveals that the amount in controversy exceeds $75,000.00. Plaintiff has alleged "severe and permanent injuries" resulting from a trip-and-fall incident, resulting in pain and suffering, past and future medical expenses, and loss of income. *See* **Exhibit A**. Under such allegations, Plaintiff will undoubtedly seek damages in excess of $75,000.00 and the amount in controversy is satisfied for removal. *See, e.g., Vance v. Hill*, 2019 U.S. Dist. LEXIS 36548, at *4-5 (C.D. Ill. 2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident); *Beckum v. Dierbergs Edwardsville LLC*, 2015 U.S. Dist. LEXIS 67775, at *1 (S.D. Ill. 2015) (jurisdictional amount satisfied where plaintiff alleged bodily injuries, pain and medical expenses).

8. Additionally, on April 25, 2023, counsel for Plaintiff represented that Plaintiff is claiming approximately $62,000 in medical expenses and therefore would not stipulate to seeking less than $75,000.00 in damages in this matter. *See* **Exhibit F**.

36361-9

9.    The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff is the citizen of a state different from that of Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.").

## Timeliness of Removal

10.    Defendants file this Notice within thirty (30) days of service of the Complaint. *See* **Exhibits B, C**. Accordingly, this Notice of Removal is timely brought before this Court. *See,* 28 U.S.C. §1446(b).

## Venue and Other Matters

11.    Because this action was originally filed in the Circuit Court of Tazewell County, Illinois, the action is properly removable to the United States District Court for the Central District of Illinois, Peoria Division. *See,* 28 U.S.C. §1441(a); 28 U.S.C. §92(a)(1).

12.    A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Tazewell County, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

13.    A true and correct copy of the pleading which demonstrates that this matter is removable is attached hereto as **Exhibit A**. *See,* 28 U.S.C. §1446(b).

WHEREFORE, Defendants Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") and Jeffrey Wallace request that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court of Tazewell County regarding the action be stayed. Defendants further demand that the trial of this matter in federal court be heard by a jury.

36361-9

                                  WALMART INC. (formerly known as "WAL-MART STORES, INC.") and JEFFREY WALLACE, Defendants

                                        /s/ Brittany P. Warren
BY: _____
                              HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                                  Brittany P. Warren, #6325934

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bwarren@heylroyster.com

36361-9

## CERTIFICATE OF SERVICE

I hereby certify that on **April 28, 2023**, I electronically filed the foregoing **DEFENDANTS' NOTICE OF REMOVAL,** with the Clerk of the Court using the CM/ECF system, which will send notification to:

Michael T. Marincic -
GOLDFINE & BOWLES, P.C.
**Attorneys for Plaintiff**

/s/ Brittany P. Warren
_____

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bwarren@heylroyster.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSICA LOPEZ

**(b)** County of Residence of First Listed Plaintiff   Tazewell County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael T. Marincic, Goldfine & Bowles, P.C., 4242 N. Knoxville Ave., Peoria, IL 61614   (309) 673-5144

## DEFENDANTS
WALMART INC.
JEFFREY WALLACE

County of Residence of First Listed Defendant   Benton County, AR
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Brittany P. Warren, Heyl, Royster, Voelker & Allen, P.C., 105 W. Vandalia St., Edwardsville, IL 62025  (618) 656-4646

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Plaintiff alleges injuries from a trip-and-fall incident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 04/28/2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Brittany P. Warren

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE